Case 4:18-cv-03917 Document 13 Filed on 03/28/19 in TXSD Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
March 28, 2019
David J. Bradley, Clerk

FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DONALD L. PARKER., <br> Plaintiff, <br><br> KAYLAN M. KIDD <br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, ACTING <br> COMMISSIONER OF THE SOCIAL <br> SECURITY ADMINISTRATION, <br> Defendant. | § § § § § § § § § § § § § <br><br> CIVIL ACTION NO. 4:18-CV-03917 |

## **MEMORANDUM AND RECOMMENDATION**

Before the Magistrate Judge in this social security appeal is Defendant's Motion to Dismiss (Document No. 11). Plaintiffs have responded to Defendant's Motion. (Document No. 12). After considering the Motion to Dismiss, Plaintiffs' Response, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendant's Motion to Dismiss be GRANTED and the Plaintiffs' Complaint be DISMISSED WITHOUT PREJUDICE.

**I.     Background**

Plaintiffs, Donald L. Parker ("Parker") and Kaylan M. Kidd ("Kidd"), filed the instant action on October 15, 2018, seeking judicial review of determinations made by the Social Security Administration ("SSA") regarding claims filed by Parker and Kidd. Plaintiffs claim that "both have pending claims with the SSA that being deliberately overlooked or put to the bottom of the workload", that Kidd has "receive[d] an inadequate review of his first application", and the both "should have been approved for SSI disability benefits long, long, long ago." Original Complaint, (Document No. 1, p. 2-4). Plaintiffs allege that their respective disability applications should have been approved "long, long, long ago" and that the SSA has violated their rights under the Texas Constitution, Art. 1, §§ 3, 19, and the Fourteen Amendment

by not awarding SSI benefits. (Document No. 1, p. 3-4). Along with the Complaint, Plaintiffs have filed a "Motion to Expedite Appeal Process" in which Parker appears to appeal the decision of the Administrative Law Judge on November 9, 2018, denying his claim for SSI. (Document No. 4). The Commissioner has responded and moves to dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction on the grounds that neither Parker nor Kidd have exhausted their administrative remedies as to the denial of SSI benefits and that neither Plaintiff has raised a collateral constitutional claim such as to waive the exhaustion requirement. (Document No. 11).

## II. Discussion

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject-matter jurisdiction. Federal courts have limited jurisdiction and only possess power authorized by the Constitution or by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The party asserting jurisdiction bears the burden of proof when a Rule 12(b)(1) challenge has been asserted. *Davis v. United States*, 597 F.3d 646, 649 (5th Cir. 2009). There are two types of Rule 12(b)(1) challenges to subject-matter jurisdiction: facial attacks and factual attacks. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). When a facial attack is made, the court assumes that the allegations contained in the complaint are true. If those allegations sufficiently allege a claim for recovery the complaint stands and the federal court must entertain the suit. *Id.* Whereas, "[a] factual attack on the subject matter jurisdiction of the court, however, challenges the facts on which jurisdiction depends and matters outside of the pleadings, such as affidavits and testimony, are considered." *Oaxaca v. Roscoe*, 641 F.2d 386, 391 (5th Cir. 1981). The court may rely on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)

2

(per curium). To make this determination, the district court is "free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case." *Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004). Here, the Commissioner's motion presents a factual challenge to the court's subject-matter jurisdiction. As such, the undersigned Magistrate Judge may go beyond the pleadings and consider the documents submitted by the Commissioner with its Motion.[1]

The Social Security Act provides that "[a]ny individual, after any *final decision* of the Commissioner of Social Security made after a hearing to which he was a party ... may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision." 42 U.S.C. § 405(g) (emphasis added). The statute plainly withholds judicial review until *after* a "final decision" has been issued by the Commissioner. *See Weinberger v. Salfi*, 422 U.S. 749, 764 (1975) ("[A] final decision ... [is] central to the requisite grant of subject-matter-jurisdiction"). "The term 'final decision' is not only left undefined by the

---

[1] The Commissioner has filed a Declaration of Christina Prelle, Court Case Preparation and Review Branch 4 Office of Appellate Operations Social Security Administration, dated December 20, 2018 for both Kidd and Parker ("Prelle Decl."). Attached to Prelle's Declaration for Parker (Document No. 11-1), are the following exhibits: Disability Determination Service decision on March 9, 2017, Exhibit 1 (Document No. 11-1, p. 6-9); request for hearing before an ALJ on May 15, 2017, Exhibit 2 (Document No. 11-1, p. 10-12); Notice of Hearing dated August 2, 2018, Exhibit 3 (Document No. 11-1, p. 13-19); Notice of Hearing-Important Reminder dated August 28, 2018, Exhibit 4, (Document No. 11-1, p. 30); September 18, 2018, letter to Parker regarding hearing with an ALJ, Exhibit 5 (Document No. 11-1,p. 31-35); September 21, 2018, letter from Parker regarding hearing, Exhibit 6 (Document No. 11-1, p. 36); November 9, 2018, decision of ALJ, Exhibit 7 (Document No. 11-1, p. 37-56); Appeals Counsel receipt of copy of a letter submitted by Parker to the Court requesting an expedited appeal, Exhibit 8 (Document No. 11-1, p. 57-68); Response by Appeals Council to Parker dated December 18, 2018, acknowledging receipt of letter from the Court, Exhibit 9 (Document No. 11-1, p. 69-70).

Attached to Prelle's Declaration for Kidd (Document No. 11-2), are the following exhibits: December 17, 2010, Disability Determination Service denial of Kidd's August 31, 2010, SSI claim, Exhibit 1 (Document No. 11-2, p. 5-7); Kidd's August 2, 2018, claim for disability insurance benefits, Exhibit 2, (Document No. 11-2, p. 8-14); August 17, 2018, letter to Kidd, informing that his application had been denied, Exhibit 3, (Document No. 11-2, p. 15-17).


Act, but its meaning is left up to the [Commissioner] to flesh out by regulation." *McQueen v. Barnhart*, 365 F. Supp. 2d 798, 800 (S.D. Tex. 2004) (quoting *Weinberger*). The Commissioner, in the Social Security Regulations, has set forth a four-step process by which a claimant must exhaust certain administrative remedies before proceeding to court. 20 C.F.R. § 404.900(a)(5)(Title II); 20 C.F.R. § 416.1400(a)(5)(Title XVI). At the first step, a claimant files an application for benefits and receives an initial determination. 20 C.F.R. § 404.900(a)(1); § 416.1400(a)(1). If the claimant is not satisfied with the initial determination, he may pursue step two and ask for reconsideration. § 404.900(a)(2); § 416.1400(a)(2). The third step involves a hearing before an Administrative Law Judge ("ALJ") to review the decision. § 404.900(a)(3); § 416.1400(a)(3). At step four, the claimant may seek review of an unfavorable decision by an ALJ by requesting that the Appeals Council review the ALJ's decision. § 404.900(a)(4); § 416.1400(a)(4). The decision by the Appeals Council is the final decision of the Commissioner. § 404.900(a)(5); § 416.1400(a)(5). A claimant may then seek judicial review by filing an action in federal court within sixty days after receiving notice of the Appeals Council's action. § 404.981; § 416.1481. "Once the claimant has exhausted these administrative remedies, he may seek review in federal district court." *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987); *Weinberger v. Salfi*, 422 U.S. 749, 763-64 (1975).

### A. Parker's Claims

The Commissioner argues that Parker did not complete the administrative process for his SSI claim prior to filing the instant action. The Magistrate Judge agrees. On November 28, 2016, Parker filed an application for Supplemental Security Income alleging disability beginning February 5, 2015. Parker's claim was denied on March 9, 2017. Prelle's First Decl., Ex. 1 (Document No. 11-1, p. 6). The notice informed Parker of his right to have his cased reviewed

by filing a "Request for Hearing" within 60 days. On May 15, 2017, he filed a written request for a hearing. Prelle's First Decl., Ex. 2 (Document No. 11-1. p. 10). The hearing was scheduled on September 11, 2018. Prelle's First Decl., Ex. 3, 4 (Document No. 11-1, p. 13, 30). Parker did not attend his hearing, and the SSA issued a letter to Parker to inform him that he had 10 days to show "good cause" if he still wanted to have a hearing before an ALJ. Prelle's First Decl., Ex. 5 (Document No. 11-1, p. 31). On September 21, 2018, Parker responded that he had spoken with a paralegal specialist/case manager of the SSA in Oklahoma City and that he waived his right to personally appear and testify at the hearing. Prelle's First Decl., Ex. 6 (Document No. 11-1, p. 36). On November 9, 2018, ALJ, Jodi B. Levine, issued an unfavorable decision on Parker's claim, finding him not disabled under the Social Security Act, and informed him of his right to make an appeal with the Appeals Council. Prelle's First Decl., Ex. 7 (Document No. 11-1, p. 37, 51). On December 18, 2018, the Appeals Council confirmed receipt of a copy of a letter Parker submitted to the Court requesting a review and that Parker had 25 days to provide additional information. Prelle's First Decl., Ex. 9 (Document No. 11-1, p. 69). The record shows that Parker filed the instant action *before* the ALJ issued a decision, and that his objections to the ALJ's decision are currently pending before the Appeals Council. Parker has not exhausted his administrative remedies on his SSI claim, and the court lacks subject matter jurisdiction over this SSI claim. In addition, Parker has not raised a colorable constitutional claim that warrants waiving the exhaustion requirement. The regulations provide for an expedited appeal process by which a plaintiff can bring a claim in federal court directly after receiving an initial determination:

> At some time after your initial determination has been reviewed, if you have no dispute with our findings of fact and our application and interpretation of the controlling laws, but you believe that a part of the law is unconstitutional, you may use the expedited appeals process. This process permits you to go directly to

a Federal district court so that the constitutional issue may be resolved. §404.900(a)(6); § 416.1400(a)(6).

The constitutional claim must be entirely collateral to the substantive claim for benefits. *see Matthews v. Eldridge*, 424 U.S. 319, 330-331 (1976); *Affiliated Prof'l Home Health Care Agency v. Shalala,* 164 F.3d 282, 286 (5th Cir. 1999)(even though claims were presented as constitutional claims, they were inextricably intertwined with a claim of entitlement to benefits and therefore subject to § 405(g)'s exhaustion requirement). Here, Parker's claim relates solely to his claim for SSI benefits, and therefore his challenge is not collateral to his claim for benefits. "[P]ractical considerations do not merit waiving or excusing exhaustion in this case. Exhaustion 'allows the agency to develop a factual record to apply its expertise to a problem to exercise its discretion, and to correct its own mistakes.'" *Becker v. Berryhill*, No. 5-17-CV-00892-FB-RBF, 2018 WL 3977889, at *3 (W.D.Tex. Aug. 20, 2018)(quoting *Justiniano v. Soc. Sec. Admin.*, 876 F.3d 14, 26 (1st Cir. 2017)). In addition, because Parker's claims "arise under" the Social Security Act, his contentions that other federal statutes confer jurisdiction such as the Administrative Procedures Act, 5 U.S.C. § 522(a)(4)(B) and 5 U.S.C. § 522(a)(4)(c), and the Mandamus Act, 28 U.S.C. § 1361 may be heard only if he is in compliance with Section 405(g), and therefore are without merit. *See Becker,* 2018 WL at *5 (citing *Justiniano*, 876 F.3d at 22-23).

### B. Kidd's Claims

The Commissioner further argues that Kidd has not exhausted his administrative remedies. The Magistrate Judge agrees. The record shows that on August 31, a claim for Supplemental Security Income was filed on behalf of Kidd, a minor at the time. Prelle's Second Decl. (Document No. 11-2, p. 2-3). This claim was denied on December 17, 2010 on the grounds that Kidd was not disabled or blind under the SSA rules. Prelle's Second Decl., Ex. 1

6

(Document No. 11-2, p. 5). No further action was taken on this application by Kidd. On August 6, 2018, Kidd filed a claim for Disability Insurance Benefits as an adult, claiming a disabling condition since birth on August 27, 1994. Prelle's Second Decl., Ex. 2 (Document No. 11-2, p. 8). On August 17, 2018, the SSA sent Kidd a Notice of Disapproved Claim. Prelle's Second Decl., Ex. 3 (Document No. 11-2, p. 15). In addition to denying Kidd's claim, it also informed him of his right to appeal by filing a "Request for Reconsideration" within 60 days. Here, the record shows that Kidd filed the instant action on October 15, 2018, having only completed step one of the four- step administrative review process. Kidd has not exhausted his administrative remedies on his SSI claim, and the court lacks subject matter jurisdiction over this SSI claim. In addition, Kidd has not raised a colorable constitutional claim that warrants waiving the exhaustion requirement. The regulations provide for an expedited appeal process by which a plaintiff can bring a claim in federal court directly after receiving an initial determination:

> At some time after your initial determination has been reviewed, if you have no dispute with our findings of fact and our application and interpretation of the controlling laws, but you believe that a part of the law is unconstitutional, you may use the expedited appeals process. This process permits you to go directly to a Federal district court so that the constitutional issue may be resolved. §404.900(a)(6); § 416.1400(a)(6).

The constitutional claim must be entirely collateral to the substantive claim for benefits. *see Matthews v. Eldridge*, 424 U.S. 319, 330-331 (1976); *Affiliated Prof'l Home Health Care Agency v. Shalala,* 164 F.3d 282, 286 (5th Cir. 1999)(even though claims were presented as constitutional claims, they were inextricably intertwined with a claim of entitlement to benefits and therefore subject to § 405(g)'s exhaustion requirement). Here, Kidd's claim relates solely to his claim for SSI benefits, and therefore his challenge is not collateral to his claim for benefits. "[P]ractical considerations do not merit waiving or excusing exhaustion in this case. Exhaustion 'allows the agency to develop a factual record to apply its expertise to a problem to exercise its

7

discretion, and to correct its own mistakes.'" *Becker v. Berryhill*, No. 5-17-CV-00892-FB-RBF, 2018 WL 3977998, at *3 (W.D.Tex. Aug. 20, 2018)(quoting *Justiniano v. Soc. Sec. Admin.*, 876 F.3d 14, 26 (1st Cir. 2017)). In addition, because Parker's claims "arise under" the Social Security Act, his contentions that other federal statutes confer jurisdiction such as the Administrative Procedures Act, 5 U.S.C. § 522(a)(4)(B) and 5 U.S.C. § 522(a)(4)(c), and the Mandamus Act, 28 U.S.C. § 1361 may be heard only if he is in compliance with Section 405(g), and therefore are without merit. *See Becker,* 2018 WL at *5 (citing *Justiniano*, 876 F.3d at 22-23).

**III. Conclusion and Recommendation**

Because Plaintiffs' factual allegations and causes of action appear to arise out of their not receiving SSI or DIB, and because they have failed to exhaust their administrative remedies, and have not raised a collateral constitutional claim such as to waive the exhaustion requirement, the court cannot exercise jurisdiction over their claims, the Magistrate Judge

RECOMMENDS that Defendant's Motion to Dismiss (Document No. 11) be GRANTED, and that the case be DISMISSED WITHOUT PREJUDICE.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal.

*Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 28th day of March 2019.

*Frances H. Stacy*
FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE